UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA RIVETT, et al., | No. 2:21-cv-00717-DAD-AC |
| Plaintiffs, | |
| v. | ORDER GRANTING APPLICATION FOR APPROVAL OF MINOR'S COMPROMISE |
| UNITED STATES OF AMERICA, | (Doc. No. 31) |
| Defendant. | |

On June 15, 2023, plaintiff R.R., by and through her mother and guardian *ad litem*, plaintiff Anna Rivett, filed an amended application for an order approving a proposed minor's compromise settling her claims against defendant United States. (Doc. No. 31.) The United States does not oppose the application. For the reasons discussed below, the court will grant the application.

**BACKGROUND**

R.R. is a fifteen-year-old female. (*Id.* at 1.) The pending application states that, on November 27, 2019, non-party Ashlee Revee Trotter, who was working for the United States through AmeriCorps, was unsafely driving an AmeriCorps van that collided with the rear of a vehicle driven by plaintiff Rivett and which was carrying her daughter plaintiff R.R. as a passenger. (*Id.* at 2.) R.R., eleven years old at the time of the collision, sustained injuries to her head, neck, and back. (*Id.*) Following the accident, R.R. sought treatment for her injuries

(including headaches, pain throughout her neck and back, and difficulty focusing and sitting for prolonged periods) from several healthcare providers: a primary care physician, a clinical neuropsychologist, an orthopedic spine surgeon, and a physical medicine and rehabilitation specialist. (*Id.* at 2–3.) R.R. saw each healthcare provider at least once and some multiple times over the course of 2019, 2020, and 2021, and received treatment, including injections, a prescription for a transcutaneous electrical nerve stimulation unit, and topical anti-inflammatory creams. (*Id.*) The pending application attached copies of R.R.'s most recent doctors' reports, which reflect her diagnosis and prognosis for her injuries and demonstrate that the injuries stemmed from the collision that occurred on November 27, 2019 involving defendant United States. (*Id.* at 3, 10–28.) On April 21, 2021, R.R. commenced this action by and through her mother and guardian *ad litem*, plaintiff Anna Rivett, against the United States, seeking to recover damages for personal injuries sustained in the car accident. (Doc. No. 1.) Plaintiff Rivett also sought damages for injuries that she suffered in the accident. (*Id.*)

On April 13, 2023, a settlement conference was held with the assigned magistrate judge. (Doc. No. 25.) At the settlement conference, the parties verbally agreed to a settlement and the terms of that settlement were stated on the record. (*Id.*) The parties now seek court approval of that verbal settlement. (Doc. No. 31.) Under the terms of the settlement, defendant United States shall pay $160,000.00 to plaintiffs. (*Id.* at 4.) Of that amount, R.R. is to receive a lump sum payment in the amount of $64,000.00. (*Id.*) According to the application, R.R. incurred $18,794.25 in medical expenses, but the lienholders of this amount have agreed to accept a total sum of $11,500.00, to be deducted from R.R.'s settlement amount. (*Id.*) In addition, under the attorneys' fee agreement in place for R.R., her attorneys state that they are entitled to 25% of any gross settlement after the deduction of their costs. (*Id.* at 5.) The application requests the approval of $5,253.35 in itemized costs and $14,686.66 in attorneys' fees.[1] (*Id.*) The balance of

---

[1] Plaintiffs' counsel calculates the requested amount of attorneys' fees incurred on behalf of R.R. as follows: 25% of $58,746.65 (which is the $64,000.00 lump sum minus the $5,253.35 in costs) = $14,686.66 in attorneys' fees. In addition, as part of the settlement agreement, plaintiffs' counsel state that they are entitled to receive $18,556.65 in attorneys' fees from plaintiff Anna Rivett's portion ($96,000.00) of the total settlement amount. (Doc. No. 31 at 7.)

2

1  the total recovery that R.R. will receive after her medical expenses and attorneys' fees and costs
2  will be $32,559.99.  (*Id.* at 6.)  Finally, the application states that R.R.'s $32,559.99 lump sum
3  recovery will be deposited in an insured accounted in a financial institution in California, subject
4  to withdrawal only upon the authorization of the court.  (*Id.* at 8.)

## LEGAL STANDARD

This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).  To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron*, 724 F.2d at 1363 ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.") (citation omitted).

In examining the fairness of a settlement of a minor's federal claims, the Ninth Circuit has held that a district court's inquiry should focus solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82; *see also id.* at 1179 n.2 (limiting the court's holding to cases involving federal claims only).  Where a settlement involves state law claims, federal courts generally are guided by state law.  *See* Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. & 9th Cir. Eds. 2015) ("Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law.  California law requires court approval of the fairness and terms of the settlement.").  A settlement for a minor and attorney's fees to represent a minor must be approved by the court.  Cal. Prob. Code § 3601; Cal. Fam. Code § 6602.  Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court.  Cal. Prob. Code § 3601.  Finally, the Local Rules of this court require the parties to make disclosures regarding the minors involved, the nature of the controversy, the manner in which the compromise was determined, and whether a conflict of interest may exist between the minor and

3

the minor's attorney. *See* Local Rules 202(b)–(c).

## ANALYSIS

In petitions for a minor's compromise, courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other, similar compromises that have been approved by courts. *See, e.g.*, *Bravo v. United States*, No. 1:14-cv-01004-AWI-JLT, 2016 WL 3418450, at *2–3 (E.D. Cal. June 22, 2016) (considering the posture of the case and the fact that the settlement occurred at a court-supervised settlement conference); *Hagan v. Cal. Forensic Med. Grp.*, No. 2:07-cv-01095-LKK-AC, 2013 WL 461501, at *1 (E.D. Cal. Feb. 5, 2013) (considering court-approved minor's settlements in other cases). Having considered the unopposed application in this case, the undersigned concludes that the settlement agreement is reasonable and in R.R.'s best interests.

The proposed settlement agreement in this case provides that R.R. will receive $32,559.99 of the overall $64,000.00 settlement amount offered to settle her claims. In a declaration filed in support of the pending application, plaintiffs' counsel states that they litigated this case from its inception, which included investigation work, fact and expert discovery (including taking and defending expert depositions), and participation in the mandatory settlement conference. (Doc. No. 31 at 31.) Plaintiffs' counsel also states in her declaration that their firm specializes in personal injury cases and, in her opinion, they obtained a "positive result" for their clients. (*Id.*) The court notes that the overall settlement offer will completely satisfy lienholders for medical expenses that R.R. incurred as a result of the accident at a discounted rate—i.e., $11,500.00 will be deducted from the settlement offer to satisfy $18,794.25 of medical expenses incurred. (*Id.* at 4–5.) This discounted rate both compensates R.R. for treatment she received following the accident and increases the amount of individual recovery that R.R. will receive from the settlement. The court has also examined cases with similar factual allegations and finds that the recovery to R.R. in this case is commensurate with minors' compromises that have been approved in similar cases involving non-fatal motor vehicle collisions. *See, e.g.*, *Collins v. United States*, No. 2:20-cv-02458-JAM-DMC, 2022 WL 3969552, at *4 (E.D. Cal. Aug. 31, 2022) (approving

recovery of $1,500 for each of three minor plaintiffs exclusive of attorney fees and reimbursement to Medi-Cal for their associated liens for claims alleging that a park ranger caused a motor vehicle accident when rounding a corner on a rural dirt road); *Sykes v. Shea*, No. 2:16-cv-02851-WBS-GGH, 2018 WL 2335774, at *1 (E.D. Cal. May 23, 2018) (approving recovery of $87,500 for the minor plaintiff alleging negligence based personal injury claims related to a motor vehicle collision involving a truck owned by the defendant); *De La Cruz v. U.S. Postal Serv.*, No. 1:08-cv-0018-OWW-DLB, 2010 WL 319670, at *4 (E.D. Cal. Jan. 20, 2010) (approving recovery of $5,000 each for two minor plaintiffs in a motor vehicle collision where liability was not clear cut and both minor plaintiffs made a full recovery), *report and recommendation adopted*, No. 1:08-cv-0018-OWW-DLB, 2010 WL 624432 (E.D. Cal. Feb. 17, 2010).

   The court further finds that the amount deducted from the total recovery for attorneys' fees is reasonable here.  This pending application seeks an order awarding attorneys' fees amounting to 25% of the total recovery after costs are deducted, or 23% before costs are deducted.  (Doc. No. 31 at 5–6.)   In the Eastern District of California, 25% of the recovery is a reasonable benchmark for attorneys' fees in contingency cases involving minors.  *See, e.g.*, *Mitchell v. Riverstone Residential Grp.*, No. 2:11-cv-02202-LKK-CKD, 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013); *McCue v. S. Fork Union Sch. Dist.*, NO. 1:10-cv-00233-LJO-MJS, 2012 WL 2995666, at *2 (E.D. Cal. Jul. 23, 2012); *Welch v. Cnty. of Sacramento*, No. 2:07-cv-00794-GEB-EFB, 2008 WL 3285412, at *1 (E.D. Cal. Aug. 5, 2008); *Red v. Merced Cnty.*, No. 1:06-cv-01003-GSA, 2008 WL 1849796, at *2 (E.D. Cal. Apr. 23, 2008); *Schwall v. Meadow Wood Apartments*, No. 2:07-cv-00014-LKK, 2008 WL 552432, at *1, (E.D. Cal. Feb. 27, 2008); *Walden v. Moffett*, No. 1:04-cv-06680-LJO-DLB, 2007 WL 2859790, at *3 (E.D. Cal. Sept. 20, 2007). In addition, plaintiffs' counsel provided information in her declaration satisfying the requirements of Local Rule 202(c).  (Doc. No. 31 at 30.)  Specifically, plaintiffs' counsel stated that her firm was hired by plaintiff Rivett to represents Rivett and R.R. and did not have a prior relationship with defendant; "did not get involved at the instance of the party against whom the causes of action are asserted"; and did not expect any compensation from this case other than that received through this proposed settlement for the claims brought by plaintiffs Rivett and R.R.

5

(*Id.*)  The court, therefore, finds an award of 25% of the total recovery after costs are deducted as attorneys' fees in this case—$14,686.66—is reasonable.

Finally, the court finds that an award of $5,253.35 to cover plaintiffs' counsel's costs in litigating this matter is also reasonable and appropriate.  As represented in the pending application, these costs covered filing fees, process server, deposition transcripts, expert fees, and other reasonable costs.  (*Id.* at 6.)

**CONCLUSION**

For the reasons set forth above:

1. Plaintiffs' amended application to approve a proposed settlement for minor plaintiff R.R. (Doc. No. 31) is granted;

2. Pursuant to the terms of the parties' settlement, defendant shall pay $64,000.00 to plaintiff R.R. to resolve all claims resulting from the November 27, 2019 incident;

3. Pursuant to the application to approve the proposed settlement for R.R.:

    a. Defendant shall pay $11,500.00 of the $64,000.00 to R.R.'s medical lienholders, specifically $10,000.00 to Topher Stephenson, M.D., Inc. and $1,500.00 to Sierra Spine Institute ($1,500.00) to satisfy R.R.'s medical liens;

    b. Defendant shall pay $14,686.66 of the $64,000.00 to plaintiff R.R.'s counsel for attorneys' fees incurred in litigating this action;

    c. Defendant shall pay $5,253.35 of the $64,000.00 to plaintiff R.R.'s counsel for costs and expenses incurred in litigating this action; and

    d. Defendant shall deposit the balance of the proceeds of the settlement—$32,559.99—into an insured account in a financial institution in this state established for the benefit of R.R. and those deposited funds shall not be withdrawn without further order of this court until R.R. reaches the age of majority; and

/////

/////

4. The parties are reminded that a stipulation requesting dismissal of this action shall be filed no later than August 14, 2023.  (*See* Doc. No. 30).

IT IS SO ORDERED.

Dated:  **June 27, 2023**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE